# EXHIBIT A

## IN THE FRANKLIN COUNTY COMMON PLEAS COURT
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| A.F. | | |
| c/o David A. Goldstein Co., L.P.A. | : | CASE NO.: |
| 511 S. High Street, Suite 200 | : | |
| Columbus, Ohio 43215 | : | JUDGE |
| | : | |
|      Plaintiff, | : | |
| | : | |
| v. | : | **JURY DEMAND ENDORSED** |
| | : | **HEREIN** |
| ASSOCIATION OF AMERICAN MEDICAL | : | |
| COLLEGES | : | |
| 655 K Street, NW, Suite 100 | : | |
| Washington, DC 20001-2399 | : | |
| | : | |
|      Defendant. | : | |

## COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND MONETARY DAMAGES

Plaintiff A.F., by and through her counsel, David A. Goldstein Co., L.P.A., for her Complaint against Defendant Association of American Medical Colleges, does hereby state, allege, and aver the following:

## INTRODUCTION

1. This is an action for injunctive, declaratory, and monetary relief against Defendant Association of American Medical Colleges, based on its discriminatory conduct against Plaintiff, a person with a disability who is protected by federal and state civil rights laws. Plaintiff alleges that the AAMC has violated the nondiscrimination laws that require qualified private entities to offer examinations in a manner that is accessible to individuals with disabilities and best ensures that the examination accurately reflects not the individual's disability but rather the individual's aptitude achievement level, or other factors the examination purports to measure.

2. Plaintiff has been diagnosed with multiple disorders, including Other Specified Neurodevelopmental Disorders, ADHD, Working Memory, and Other Executive Function Impairments, and Anxiety Disorder by multiple qualified and experienced licensed medical providers ("Disorders").

3. Plaintiff is eligible to sit for the Medical College Admission Test (hereinafter "MCAT"), which is offered by Defendant. In connection therewith, Plaintiff requires and requested modifications, auxiliary aids, and/or services (hereinafter collectively referred to as "testing accommodations" or "testing modifications"), specifically 50% extra time and breaks without a penalty on all sections of the MCAT.

4. Plaintiff has submitted extensive documentation to the AAMC, which verifies her disability and entitlement to specific testing accommodations. The AAMC has refused to provide Plaintiff with the 50% extra time accommodation that multiple qualified clinicians have strongly recommended and that she needs to best ensure that the MCAT is accessible to her.

5. On March 31, 2023, AAMC, without reasonable justification and in violation of State and Federal laws, denied Plaintiff's request for 50% extra time accommodation.

6. Accordingly, Plaintiff brings this action against the AAMC for its violation of Title III of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12101 et seq., and Ohio law, declaratory judgment and injunctive relief are necessary to ensure that Plaintiff is no longer discriminated against in taking the MCAT.

## JURISDICTION

7. This Court has subject matter jurisdiction over Plaintiff's claims brought under the ADA and Section 504 pursuant to 28 U.S.C. §§ 1331 and 1343, the Ohio Administrative Code,

and Ohio Revised Code in that acts of discrimination have occurred in Franklin County, Ohio, and Defendant does business in Franklin County, Ohio.

8.   Venue is proper pursuant because the events giving rise to this action occurred in Franklin County, Ohio, where Defendant's acts of discrimination have been conducted.

## PARTIES

9.   Plaintiff is a permanent resident of Franklin County, Ohio. Plaintiff has documented Disorders that substantially limit the condition, manner, and duration in which she is able to learn, read, write, concentrate, take tests, work, and the operation of the major bodily function of the brain. As described more fully below, Plaintiff is a qualified individual with a brain-based disability and is entitled to specific testing accommodations when she sits for the MCAT.

10.   Defendant is a multi-million-dollar private, not-for-profit corporation based in .• Washington, D.C. Defendant represents 172 accredited United States and Canadian medical schools, more than 400 major teaching hospitals and health systems, including Veterans Affairs medical centers, and more than 80 academic and scientific societies. Defendant prepares and administers the MCAT. The professional examination is required for admission to nearly all United States and Canadian accredited medical schools. Defendant offers the MCAT throughout the country, including within the State of Ohio, and as such is subject to the nondiscrimination and testing accommodation requirements of the ADA and the State of Ohio.

## FACTS

11.   The MCAT is the professional examination required for admission to nearly all United States medical schools.

12.     According to Defendant's website or other published literature, the MCAT is a standardized, computer-based, multiple-choice examination that the AAMC asserts was designed to assess an examinee's critical thinking and reasoning skills and knowledge of science concepts and principles that are prerequisites for success in medical school and practicing medicine. The MCAT content is divided into the following four sections: Biological and Biochemical Foundations of Living Systems; Chemical Physical Foundations of Biological Systems; Psychological, Social, and Biological Foundations of Behavior; and Critical Analysis and Reasoning Skills.

13.     Defendant limits the number of MCAT attempts to three (3) times within one calendar year, four times within two years, and seven times over the course of one's lifetime. Defendant also cautions examinees that medical schools will see all of their scores.

14.     Plaintiff is expected to graduate from Duke University in the Spring of 2023 and seeks to enroll in medical school. Plaintiff must sit for the MCAT as a prerequisite for admission to an accredited medical school.

15.     Plaintiff was examined by two licensed medical practitioners who diagnosed Plaintiff with several Disorders. Said providers opined that due to her Disorders, Plaintiff had a disability and must receive specific testing accommodations, including 50% extra time.

16.     Pursuant to Defendant's rules, on or about  January 14, 2023, Plaintiff submitted a request for MCAT accommodations that included the following supporting documentation (1) a report and opinion letter from Dr. Boazak, a psychiatrist that documented ADHD diagnosis and a need for 50% additional time on MCAT and breaks without penalty; (2) a personal statement; (3) high school transcript;  and (4) previous letters of accommodation approval for classes at Duke.

17.     Despite having received the above evidence of disability and a current need for accommodations ( as is mandated by its accommodation policies), by letter dated March 1, 2023, Defendant denied Plaintiff's application for accommodation as to 50% extended time and asserted that there was no enough "objective" evidence that qualifies for this accommodation.

18.     Plaintiff subsequently retained the law office of David A. Goldstein Co., L.P.A. to prepare a request for reconsideration of Defendant's denial of her application accommodation. Plaintiff hoped that she could sit for the MCAT (with the necessary accommodations) and apply for admission to medical school by June 1, 2023.

19.     On or about March 4, 2023, and thereafter, Counsel sent numerous letters to Defendant, and Plaintiff submitted the same information via Defendant's portal inquiring as to the basis of the denial of the accommodation and/or failure to render a decision about providing the accommodation based upon additional information. This information included (1) a report and opinion letter from a second licensed psychologist Dr. Benninger, that documented a diagnosis of  ADHD and Other Specified Neurodevelopmental Disorders, Working Memory, and Other Executive Function Impairments with an opinion for the need for the extra time accommodation, (2) ACT scores and (3) an additional personal statement as requested by AAMC.

20.     Plaintiff and her counsel advised Defendant that time was of the essence to render a decision in order for Plaintiff to receive the accommodation in time to sit for the MCAT.

21.     Defendant responded to the numerous correspondence: "the matter is being reviewed."

22.     On March 31, 2023, Defendant sent Plaintiff (not her counsel) a letter advising it would not provide the accommodation of  50% extended accommodation. Defendant ignored

5

Plaintiff's experts' opinions and provided no expert reports/opinions of its own. Defendant failed to produce any documentation, literature, studies, or any other supporting information to refuse the accommodation.

23.     If  Plaintiff does not take the MCAT with the 50% extended accommodation on or before April 28, 2023, ensuring her full and equal access to the MCAT, she will be irreparably harmed because she will lose the extensive time she has invested in preparation for the MCAT. She will also be prevented from competing on a level playing field with other candidates sitting for the MCAT, and she will be further delayed or prevented from proceeding with her application to medical school. Additionally, Plaintiff's professional opportunities will be severely curtailed.

24.     It is well known that there is a distinct advantage to applying when applications open to medical school because of how medical schools adjudicate applications. The earlier one applies, the better chance of admission to medical school. If the MCAT is not taken with the accommodation by the date requested, the scores will not be available for application, and Plaintiff will be at a severe disadvantage.

25.     Plaintiff is and will continue to be significantly harmed by Defendant's refusal to provide her the accommodation she needs so as to best ensure that her MCAT results reflect that which the test is designed to measure rather than Plaintiff's cognitive disability. Plaintiff has been preparing for the MCAT since August of 2022 and believes it is futile to attempt the examination without the accommodations her two doctors have strongly recommended.

### <u>COUNT ONE: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>

26.     Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

27.     Plaintiff is a person with a disability in that she currently experiences a physical or mental impairment that substantially limits one or more major life activities, including but not limited to reading, writing, concentrating, learning, test-taking, working, and the bodily function of brain function.

28.     Plaintiff is an individual with a disability and is eligible to take the examination offered by the Defendants

29.     Defendant, a private entity, is a place of public accommodation subject to the nondiscrimination requirements of Title Ill of the ADA.

30.     The ADA and regulations enforcing the ADA prohibit discrimination on the basis of disability in standardized testing.

31.     Section 309 of Title III provides that: Any person that offers examinations of courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals. See 42 U.S.C. §12189.

32.     As an entity that offers examinations, Defendant is required to assure that the examination is administered so as to best ensure that the examination results for an individual with a disability accurately reflect the individual's aptitude, achievement level, or whatever other factor the examination purports to measure rather than reflecting the impacts of the individual's disability. 28 C.F.R. § 36.309(b)(l)(i).

33.     Defendant's actions, policies, and practices discriminate against individuals with disabilities, including those who have mental and/or cognitive disabilities and require specific amounts of additional testing time and other accommodations.

7

34.     Defendant has discriminated against Plaintiff by repeatedly denying her the 50% additional time accommodation that the psychologists who have personally evaluated and observed her have recommended. Federal regulatory guidance for standardized testing companies states clearly that reports from experts who are familiar with the candidate should take precedence over those from, for example, reviewers for testing agencies who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment.

35.     Defendant has failed to make reasonable modifications to its policies and practices to ensure that Plaintiff and others with disabilities do not face such discrimination because of their disabilities. 28 C.F.R. § 36.309(b).

36.     Defendant has failed to best ensure that Plaintiff's performance on the MCAT will accurately represent the skills and knowledge it purports to test rather than the slow reading and processing caused by her Disability.

37.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered harm to be determined at trial.

## COUNT TWO: DECLARATORY JUDGMENT

38.     Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

39.     Defendant has discriminated against Plaintiff by repeatedly denying her the 50% additional time accommodation.

40.     Plaintiff has presented ample evidence to warrant the 50% additional time accommodation.

41.     In its March 31, 2023 letter denying the accommodation, Defendant discounted what her experts opined and relied upon Plaintiff's past academic history as a basis she did not

require the additional time. Defendant failed to provide any expert reports or any rationale as to how past academic performances correlate to her disability and need for extra time.

42. Defendant has a pattern of failing to properly investigate requests for accommodation, including ignoring medically trained doctors and having someone competent and independent review the requests.

43. Based upon Defendant's arbitrary, unreasonable, and discriminatory practice in denying Plaintiff's accommodation, Plaintiff seeks a declaration from this Court that Plaintiff is entitled to the accommodation.

44. Plaintiff brings this Declaratory Judgment Action pursuant to O.R.C. 2721.01 to 2721.15 and Rule 57 of the Ohio Rules of Civil Procedure.

## COUNT THREE: INJUNCTIVE RELIEF

45. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

46. Defendant continues to engage in discriminatory practices by refusing to recognize the disabilities of its applicants, including Plaintiff, and accommodating said applicants.

47. This improper conduct has irreparably harmed Plaintiff. Plaintiff has no adequate remedy at law since monetary damages alone could not remedy the harm that Defendant is committing.

48. As set forth above, if Plaintiff is not permitted to take the MCAT on April 28, 2023, with the accommodation of 50% additional time, she will suffer irreparable harm.

49. Plaintiff cannot take a later MCAT as she will suffer irreparable harm because she will also be prevented from competing on a level playing field with other candidates sitting for the MCAT, she will be further delayed or prevented from proceeding with her application to

medical school, the scores will not be available for application, and Plaintiff will be at a severe disadvantage applying to medical school and her professional opportunities will be severely curtailed.

      50.     A temporary restraining order is necessary to, at the very least, allow Plaintiff to take the MCAT in April with the accommodation to avoid the irreparable harm that would occur to her.

      51.     Pursuant to Civil Rule 65, Plaintiff hereby applies to this Court for the issuance of a temporary and preliminary injunction enjoining Defendant from not accommodating Plaintiff and allowing the 50% extra time for her MCAT in April of 2023 and all subsequent testing if necessary.

WHEREFORE, Plaintiff prays that this Court grants the following relief: (A) An order via injunctive relief, compelling Defendant AAMC, or those acting as agents for or in concert with it, to provide test accommodations to Plaintiff by providing her with 1.5 times extra time and breaks without penalty for all administrations of the MCAT; (B) An order granting Plaintiff's request for declaratory relief, finding that Defendant's actions violated the ADA, Section 504; (C) A judgment for compensatory damages in favor of Plaintiff in an amount to be proven at trial before a jury that would fully compensate Plaintiff for the injuries alleged herein resulting from Defendant's conduct; (D). An order awarding Plaintiff reasonable attorney's fees and costs; and (E) Such other relief as it deems just and equitable.

Respectfully submitted,

/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 S. High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial on all issues triable to a jury.

/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**

11

## IN THE FRANKLIN COUNTY COMMON PLEAS COURT
## FRANKLIN COUNTY, OHIO

A.F.
c/o David A. Goldstein Co., L.P.A.        :        CASE NO.:
511 S. High Street, Suite 200             :
Columbus, Ohio 43215                      :        JUDGE
                                          :
        Plaintiff,                        :
                                          :
v.                                        :
                                          :
ASSOCIATION OF AMERICAN MEDICAL           :
COLLEGES                                  :
655 K Street, NW, Suite 100               :
Washington, DC 20001-2399                 :
                                          :
        Defendant.                        :

## PLAINITFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Now comes Plaintiff, A.F. by and through her counsel David A. Goldstein Co., L.P.A., and respectfully request that the Court issue a temporary restraining order and/or a preliminary injunction against Defendant precluding its refusal to provide an additional 50% time accommodation for the MCAT test scheduled on April 28, 2023. For the reasons stated in the Memorandum in Support and pursuant to R.C. 2727.03, R.C. 2727.03, and Civ. R. 65(B), and as supported by the exhibits and affidavits, Plaintiffs should immediately be heard and Defendant's conduct enjoined.

Respectfully submitted,

/s/ *David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 S. High Street Suite 200
Columbus, Ohio 43215
(614) 222-1889 - (614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
*Attorney for Plaintiff*

# Introduction

This matter is before the Court on Plaintiff's Complaint for Defendant's violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Declaratory Judgment, and Injunctive Relief (the "Complaint"). The case presents the question of whether Defendant can refuse an accommodation for extra time when Plaintiff's medical professionals, who have examined and tested Plaintiff, diagnosed her with a disability and opined Plaintiff requires an accommodation, specifically additional testing time for the MCAT.

## I. Statement of the Facts

As referenced in the Complaint, Plaintiff is a senior at Duke University and intends to apply to medical school. In order to apply to an accredited medical school, Plaintiff must sit for the Medical College Admission Test (hereinafter "MCAT"), which is offered by Defendant.

Plaintiff has been diagnosed with multiple disorders, including Other Specified Neurodevelopmental Disorders, ADHD, Working Memory, and Other Executive Function Impairments, and Anxiety Disorder by multiple qualified and experienced licensed medical providers ("Disorders"). Said experts opined due to Plaintiff's disability, she requires certain accommodations, including but not limited to extra time and breaks without a penalty on all sections of the MCAT. *See* Exhibit A – Expert Reports.

In order to receive accommodations, Defendant requires certain information as outlined in Exhibit B, "Understanding the Clinical Review Process," on Defendant's website and directed to applicants when accommodations have been denied. Plaintiff submitted extensive documentation to Defendant, which verified her disability and entitlement to specific testing accommodations. Defendant repeatedly refused to provide Plaintiff with the 50% extra time accommodation ("extra tine") that multiple qualified clinicians have strongly recommended and that she needs to best ensure that the MCAT is accessible to her.

After Defendant initially denied the accommodation, Plaintiff hired counsel. Counsel and Plaintiff submitted additional information to Defendant and demanded the extra time. After no response for several weeks, on March 31, 2023, Defendant refused to provide the accommodation of extra time.1 *See* Exhibit C-Denial Letter. The denial was not based on any expert medical testimony. It was based on mere assumptions and blanket assertions.

Plaintiff is scheduled to take the MCAT on April 28, 2023. If Plaintiff does not take the MCAT with the 50% extended accommodation on April 28, 2023, ensuring her full and equal access to the MCAT, she will be irreparably harmed because she will lose the extensive time, she has invested in preparation for the MCAT. She will also be prevented from competing on a level playing field with other candidates sitting for the MCAT, and she will be further delayed or prevented from proceeding with her application to medical school. Additionally, Plaintiff's professional opportunities will be severely curtailed. *See* Exhibit D- Affidavit of Plaintiff.

It is well known that there is a distinct advantage to applying when applications open to medical school because of how medical schools adjudicate applications. The earlier one applies, the better chance of admission to medical school. If the MCAT is not taken with the accommodation by the date requested, the scores will not be available for application, and Plaintiff will be at a severe disadvantage. *Id.*

Plaintiff is and will continue to be significantly harmed by Defendant's refusal to provide her the accommodation she needs so as to best ensure that her MCAT results reflect that which the test is designed to measure rather than Plaintiff's cognitive disability. Plaintiff has been preparing for the MCAT since August of 2022 and believes it is futile to attempt the examination without the accommodations her two experts have strongly recommended.

---

1 Defendant did not send the denial letter to counsel or Plaintiff.

Based on the foregoing, Plaintiff is entitled to injunctive relief on the grounds that the failure of Defendant to recognize her disability and provide the extra time accommodation is certain to cause great and irreparable injury to Plaintiff.

## I.     Standards for Temporary Restraining Order and Preliminary Injunction

An injunction is an appropriate remedy where it is necessary to prevent a future wrong. *Garano v. State*, 524 N.E.2d 496, 498 (1998). Specifically, R.C. 2727.02 authorizes injunctive relief restraining an act when it appears the plaintiff is entitled to the relief demanded, and such relief consists of restraining the commission or continuance of such act, the commission or continuance of which would result in irreparable harm to the plaintiff. Moreover, Civ.R. 65(B) authorizes the court to issue a temporary restraining order and/or a preliminary injunction.

The decision to grant an injunction is dependent upon case specific facts and circumstances. *Restivo v. Fifth Third Bank,* 681 N.E.2d 484, 486 (1996). In determining whether to grant injunctive relief, the court shall consider the following factors: (1) the substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable harm if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest is served by the injunction. *See TGR Enterprises, Inc. v. Koshev*, 853 N.E.2d 739, 742 (2006); *Proctor & Gamble Co. v. Stoneham*, 747 N.E.2d 268, 273 (2000). Although "[n]o one of these factors is dispositive; they all must be flexibly balanced." *Alan v. Andrews*, 2007 WL 1544717 at *9.

### a.   Substantial Likelihood of Success on the Merits

Attached to this motion, as Exhibit A, are two expert opinion letters from psychologist William Benninger and Dr. Boazak.[2] Both doctors have diagnosed Plaintiff with multiple disorders,

---

2 Although the letter is signed by a PA, Dr. Bozak has reviewed and concurred with the findings and opinions.

3

including Other Specified Neurodevelopmental Disorder, ADHD, Working Memory and Other Executive Function Impairments, and Anxiety Disorder. Furthermore, both doctors have opined that Plaintiff must be provided the accommodation of extra time due to her disability.

The United States Department of Justice, Civil Rights Division, Disability Rights Section issued recommendations and guidelines for entities such as AAMC related to providing testing accommodations to individuals with disabilities. Under the ADA, an individual with a disability is a person who has a mental impairment that substantially limits a major life activity. The documentation provided by Plaintiff established that she has a disability and thus is a protected class member under the ADA.

Defendant directed Plaintiff to "Understanding the Clinical Review Process" to further explain what is required of an applicant and the review process. *See* Exhibit B. Plaintiff had her experts provide the "components" listed by Defendant.

Furthermore, Defendant states as part of the review process the following.

"Applicants sometimes approach the accommodations request process assuming that having a diagnosis automatically results in the provision of a certain accommodation or that having received an accommodation in the past necessarily means that the same accommodation will be approved for the MCAT® exam. **While this may occur in some cases, it is actually your current functional limitations (in combination with the demands of the activity you will be undertaking) that determines the appropriateness of a requested accommodation**".

See. Exhibit B.

Defendant state it is "your current functional limitations..that determines the appropriateness of a requested accommodation". Based upon Plaintiff's expert reports, her current functional limitations requires the additional time accommodation.3

---

3 It is ironic that the basis of Defendant's denial of the extra time accommodation it references Plaintiff's past testing without the accommodation and no past diagnosis of a disability. According to Defendant's review process the past is not a factor and it is an applicant's "current functional limitations" that guide the decision to

4

Despite the overwhelming evidence produced by Plaintiff, Defendant, in violation of the ADA and its own guidelines, has refused to provide the extra time accommodation. As such, Plaintiff has a substantial likelihood it will prevail on the merits of her claims.

### b. Irreparable Harm

The principal inquiry for determining the likelihood of the plaintiff suffering irreparable harm is whether the plaintiff has an adequate remedy at law. In other words, "[i]reparable harm exists when there is a substantial threat of material injury which cannot be adequately compensated through monetary damages." *TGR Enterprises, Inc,* 853 N.E.2d at 744 (quoting *Restivo*, 681 N.E.2d at 486). A party need not conclusively establish that they have suffered such a harm as the mere threat of harm is a sufficient basis on which to grant injunctive relief. *Proctor & Gamble Co.*, 747 N.E.2d at 278.

In the present matter, it is certain that if Plaintiff cannot sit for the MCAT on April 28, 2023, with the extra time accommodation, she will suffer harm. *See* Exhibit D. First, Plaintiff will be prevented from competing on a level playing field with other candidates sitting for the MCAT because she will not have extra time as needed due to her disability. Her scores will be impacted, negatively affecting her chances of being accepted into a medical school or the medical school of her choosing.

Second, delaying when Plaintiff takes the MCAT to submit more information to Defendant[4] will delay and/or prevent Plaintiff from proceeding with her application to medical school, and her professional opportunities will be severely curtailed. *Id.*

It is well known that there is a distinct advantage to applying when applications open to

---

accommodate.
4 Plaintiff has no idea what additional information would be required to support the accommodation. When the accommodation was denied, Plaintiff submitted additional evidence to warrant the extra time.

5

medical school because of how medical schools adjudicate applications. The earlier one applies, the better chance of admission to medical school. If the MCAT is not taken with the accommodation by the date requested, the scores will not be available for application, and Plaintiff will be at a severe disadvantage. *Id.*

Plaintiff is and will continue to be significantly harmed by Defendant's refusal to provide her the accommodation she needs so as to best ensure that her MCAT results reflect that which the test is designed to measure rather than Plaintiff's cognitive disability. Plaintiff has been preparing for the MCAT since August of 2022 and believes it is futile to attempt the examination without the accommodations her two doctors have strongly recommended.

Accordingly, there can be no doubt that the irreparable harm requirement is satisfied here.

### c. Undue or Substantial Harm

There is no harm that will come to Defendant if an injunction is issued. An injunction will merely protect Plaintiff.

### d. Public Interest Favors Issuance

The public has a strong interest in seeing that one's disability is accommodated when taking standardized tests. An entity such as Defendant cannot arbitrarily ignore an applicant's experts and deny an accommodation without providing a reasonable basis, including its own expert evaluation(s). Plaintiff seeks that her disability is recognized and accommodated during the MCAT. No public interest will be served by allowing Defendant to blatantly ignore an individual's disability and need for accommodation. Moreover, the public has an interest in protecting disabled individuals and evening out the playing field when it comes to standardized testing. Accordingly, the public interest supports the Court's issuance of a temporary restraining order and injunction.

6

## II. Conclusion

Therefore, Plaintiff respectfully requests that this Court enter a temporary restraining order and/or preliminary injunction precluding Defendant from not allowing the extra time Plaintiff requires for the MCAT due to her disability for the April 28, 2023 MCAT and all subsequent testing.

Respectfully submitted,


/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 S. High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been delivered via U.S. Mail and electronic mail on this 2nd day of April 2023 to:

**Defendant**
655 K Street NW, Suite 100
Washington, DC, 20001-2399 and

Via electronic mail at

Legal Services at subpoena@aamc.org and AAMC, MCAT Accommodations Services accomodations@aamc.org

7



Animo
Sano
Psychiatry

5501 Fortunes Ridge Rd, Suite P
Durham, NC, 27713
919-391-7202
drboazak@animosanopsychiatry.com

December 23, 2022

Re: Examinee's name: ▮▮▮▮▮▮

   Date of Birth: ▮▮▮▮

   MCAT testing date: 1/27/2023

To whom it may concern,

I am writing on behalf of ▮▮▮▮▮▮, whom I have been treating for ADHD and anxiety. She is scheduled to take the MCAT on 1/27/23 and had requested a letter from me to support her request for additional time with testing within the 60 day notice requirement. ▮▮▮ has experienced in the past difficulty with emotional regulation with standardized and non-standardized tests despite having many coping/study skills. This along with the executive dysfunction impairment associated with ADHD, has negatively impacted her testing performance in the past and failed to demonstrate her true academic potential. She is requesting additional time for test taking which is documented in her accommodation letter.

Given an unexpected medical emergency and leave of absence from work, the processing of her request was delayed. I am asking on behalf of ▮▮▮, the consideration for additional testing be allowed despite the delay in request. I am available if needed to be contacted in person and appreciate your time and consideration.

Sincerely,

Pamela Campbell, MSPAS, PA-C
Cell: 336-509-6341

*Pamela Campbell*

# ADHD Specialists of Columbus
*Specializing in the Diagnosis and Treatment of ADHD*
*Children, Adolescents and Adults*
William B. Benninger, Ph.D.
Tara L. Benninger, Ph.D.
130 B Northwoods Blvd., Columbus, Ohio 43235
phone (614) 888-2343 (ADHD) • fax (614) 846-1849

## Psychological Report
Confidential

Name: ▇▇▇▇▇▇▇
Date of Birth: ▇▇▇▇
Date of Assessment: January 2023

Examiner: William B Benninger, Ph.D.
Report Date: March 2023

**Tests Administered**
Clinical Interview
CAARS Self Report / Observer Report Long Version
BAARS-IV Self Report / Other Report: Current Symptoms
Behavior Rating Inventory of Executive Function - Adult Version Self Report Form/Informant Report Form
ADDES Scales - Self-Report Version / Home Version
Wechsler Adult Intelligence Scale-IV (Vocabulary)
Stanford-Binet Intelligence Scales, Fifth Edition (Working Memory – Memory for Sentences)
Woodcock Johnson Tests of Achievement IV (Passage Comprehension)
Gray Oral Reading Test-5 (GORT-5)
Symptom Checklist-90-Revised

**History**
No significant induced factors are present. Significant inheritable factors include a sister, brother, cousin, and uncle who are all diagnosed with ADHD. This individual has exhibited significant impairment in all phases of homework completion in high school and college and has historically had severe difficulty persisting with uninteresting work and completing long-term projects. Time judgment difficulties are chronic.

**Clinical/Diagnostic Information**
Additional symptoms consistent with individuals diagnosed with ADHD include difficulty with all phases of homework completion in high school and college, fine motor difficulties (messy handwriting), minor behavioral difficulties in school (out of uniform, late), severe difficulty persisting with uninteresting work, difficulty completing long-term projects (procrastination, plan/ organize, overwhelmed), time judgment difficulties (often late, misjudges time, loses track

of time), money management difficulties (impulsive spending, forgetful), driving problems (locking keys in car, one speeding ticket, parking tickets, car towed) and occasional difficulty self-regulating anger. In general, this individual indicates that she struggles to process information, is very disorganized, forgetful, misplaces and/or forgets important materials, has trouble sustaining her effort with uninteresting tasks and is inattentive.

**Exhibits the following DSM-IV ADHD Inattentive symptoms to a clinically significant degree:**
Inattention
1. Fails to give close attention to details or makes careless mistakes in work or other activities
2. Doesn't follow through on instructions and fails to finish work or chores
3. Has difficulty organizing tasks and activities
4. Avoids, dislikes or is reluctant to engage in tasks that require sustained mental effort
5. Loses things necessary for tasks or activities
6. His easily distracted by extraneous stimuli or irrelevant thoughts
7. His forgetful in daily activities

This individual meets symptom count criteria for Inattention, Hyperactivity and Impulsivity.

**Test Results**
***Behavior Rating Inventory of Executive Function-Informant/Self-Report Form (BRIEF)***

| Scales | Informant Form T-Score | Self-Report Form T-Score |
|---|---|---|
| Inhibit | 63* | 77* |
| Shift | 65* | 56 |
| Emotional Control | 73* | 54 |
| Self Monitor | 58 | 63* |
| Initiate | 57 | 73* |
| Working Memory | 64* | 89* |
| Plan/Organize | 63* | 78* |
| Task Monitor | 61* | 81* |
| Organization of Materials | 75* | 78* |
| BRI | 68* | 64* |
| MI | 66* | 85* |
| GEC | 68* | 78* |

***CAARS Self Report/Observer Report Long Version***

| Scale | Observer Form T-Score | Self-Report Form T-Score |
|---|---|---|
| Inattention/Memory Problems | 74* | 86* |
| Hyperactive/Restlessness | 72* | 67* |
| Impulsivity/Emotional Lability | 67* | 60* |
| DSM-V Inattentive Symptoms | 66* | 83* |
| DSM-V Hyperactive-Impulsive Symptoms | 71* | 71* |
| DSH-V ADHD Symptoms Total | 71* | 81* |
| ADHD Index | 82* | 70* |

*BAARS-IV Self Report/Other Report: Current Symptoms*

|  | Other Report | Self Report |
|---|---|---|
| Scale | T-Score | T-Score |
| Inattention | 64* | 75* |
| Hyperactivity | 71* | 65* |
| Impulsivity | 64* | 68* |

*ADDES Scales – Self-Report Version/Home Version*

|  | Home Version | Self Report Version |
|---|---|---|
| Scale | T-Score | T-Score |
| Inattentive | 73* | 80+* |
| Hyperactive-Impulsive | 70* | 80* |

*Symptom Checklist-90-Revised*

|  | Standard Scores |
|---|---|
| Somatization | 41 |
| Obsessive-Compulsive | 73^ |
| Inadequacy, Self-Worth | 64* |
| Depression | 63* - mild controlled with medication |
| Anxiety | 57 |

^ due to having numerous **functional** routines to compensate for ADHD symptoms

*Wechsler Adult Intelligence Scale-IV (Vocabulary)*

|  | Raw Score | Standard Score |
|---|---|---|
| Vocabulary | 16 | 130 |

*Wechsler Adult Intelligence Scale-IV (Digit Recall)*

| Verbal Short-Term Memory/Simple Verbal Working Memory |  |
|---|---|
| Digit Recall | 90*^ |

*Stanford-Binet Intelligence Scales*

|  | Standard Score |
|---|---|
| Working Memory-Memory for Sentences | 90*^ |
| Complex Verbal Working Memory |  |

^Impaired due to >2.0 Standard Deviations from the Verbal IQ estimate

*Woodcock Johnson Tests of Achievement-IV (Passage Comprehension)*

|  | Raw Score | Standard Score |
|---|---|---|
| Passage Comprehension | 47 | 108 |

*Gray Oral Reading Tests-4 (GORT-4)*

|  | Raw Score | Standard Score | Percentile | Grade Equivalent |
|---|---|---|---|---|
| Rate Score | 9 | 95 | 37 | 13.0 |
| Accuracy Score | 15 | 125 | 95 | 13.0 |
| Fluency Score | 11 | 105 | 63 | 13.0 |
| Comprehension Score | 8 | 90*^ | 25 | 11.0 |

* denotes significant impairment
^this a practical working memory score and is impaired due to its >2.0 Standard Deviations from the IQ estimate

**Diagnosis**
Axis I – ADHD Combined Presentation (314.01) moderate severity
     -Other Specified Neurodevelopmental Disorder (315.8) Working Memory and Other
     Executive Function Impairments
     -Depressive Disorder (previously diagnosed)
     -Anxiety Disorder (previously diagnosed)

Axis II - None
Axis III- None

**Discussion**
This individual exhibits severe symptoms of inattention, working memory, initiate, plan/organize, organization of materials and task monitor. These inattention, working memory and other executive function impairments significantly interfere with most phases of academic demands and significantly contribute to being easily distracted, having problems with focus, sustaining attention and remembering. As a result, accommodations are needed so that this individual will have sufficient time to read and reread questions and answers, have time to organize written responses and have time to check work to minimize errors caused by inattention, working memory, plan/organize and task monitor deficits.

**How are effects of ADHD mediated by the recommended accommodation(s)**
The severe inattentive symptoms exhibited by this individual impair the ability to focus, concentrate and sustain attention with mentally demanding tasks for any significant length of time. As a result, the individual needs to take numerous "mental breaks" in order to reboot or refresh their ability to refocus. Because of this difficulty and the need for multiple "mental breaks" this individual takes much longer to complete typical tasks such as tests. In addition, because of the extreme mental effort required simply to obtain normal levels of concentration, without "mental breaks," this individual's ability to sustain their attention and effort over long periods of time is extremely difficult - unless they are able to take multiple "mental breaks".

The severe working memory impairment interferes with this individual's ability to hold information in mind for a significant enough period of time to use it. This difficulty (along with

inattention) makes it extremely difficult for any individual to take sufficient notes in class. During test taking this means that an individual must read, reread, and reread questions in order to remember them long enough to evaluate each of the possible answers. In addition, they may have to reread the various answer choices multiple times to evaluate them. If this individual even takes 30 seconds longer on each question than the typical test-taker, of a 100-question test, that test would take them an additional 50 minutes. A working memory impairment also contributes to distractibility which further undermines an individual's ability to focus and concentrate.

Finally, this individual exhibits a severe problem with the executive function of plan/organize, which is an individual's ability to organize information in one's head in order to speak or write in a logical and sequential manner. When this problem exists, it takes a person much longer to organize their thoughts in order to answer questions and/or get them on paper.

**Recommendations for Accommodations**

Based on the findings in this report this individual fully qualifies for accommodations on the MCAT.

Also, while the breaks previously allowed are important, they will not fully compensate for her disability. So, obviously extra time is needed.

1. Extended time - will compensate for the working memory and inattentive symptoms documented in the testing and will compensate for the extra time a student needs due to their difficulty with sustaining attention with a mentally demanding task and therefore taking longer for those tasks. It will also help compensate for having to reread questions and answers multiple times due to a working memory deficit.

2. Test taking in a quiet, distraction free environment will compensate for the student's difficulty with staying on task and being easily distracted by extraneous stimuli.

William B. Benninger, Ph.D., Psychologist
Specializing in the Diagnosis and Treatment of ADHD
Former Adjunct Assistant Professor, The Ohio State University
PsyPact Interjurisdictional Approved Provider
Co-Founder ADDvisor.com



EXHIBIT B

## Understanding the Review Process

Each application for accommodations on the MCAT® exam receives an individualized and comprehensive review. The review process is holistic, meaning that all of the materials you have submitted in support of your request are considered. It is particularly important for you to include documentation of your specific diagnosis, related impairments, and how those impairments would limit your ability to function if you were to take the MCAT® exam under standard conditions.

Applicants sometimes approach the accommodations request process assuming that having a diagnosis automatically results in the provision of a certain accommodation or that having received an accommodation in the past necessarily means that the same accommodation will be approved for the MCAT® exam. While this may occur in some cases, it is actually your current functional limitations (in combination with the demands of the activity you will be undertaking) that determines the appropriateness of a requested accommodation. For example, if you have a diagnosis of specific learning disability in written expression resulting in an impairment in writing fluency, you may need the accommodation of additional testing time and/or a scribe when completing an essay format exam on paper. However, you may not need additional testing time or a scribe for a multiple choice test administered via computer. In this case, having a learning disability does not automatically result in the need for additional time for test taking or a scribe due to the change in the demands of the task and environment. In some cases, the accommodations approved for you on the MCAT® exam may differ from those approved for you in other settings due to these differences in task demands and/or environments.

### WHAT DOES THAT TERM MEAN?

**Diagnosis:** The identification (e.g., name, term, description) given to an illness or group of symptoms. (e.g., traumatic brain injury)

**Impairment:** Any loss or abnormality of physiological, psychological, or anatomical structure or function. (e.g., memory impairment)

**Functional Limitation:** Restriction in the performance of activities; not performing in an efficient, typically expected, or competent manner. (e.g., slow to respond to questions)

**Disability (ADA):** A physical or mental impairment that substantially limits one or more major life activities.

## Make sure your evaluator addresses the components listed in this chart in your documentation:

Identification of your diagnosis and impairments

Discussion of the current functional limitations affecting your access to the exam

Recommendations for accommodation on the exam

A rationale for each recommended accommodation

MCAT® is a program of the Association of American Medical Colleges



**AAMC**

Medical College
Admission Test®

EXHIBIT C

# MCAT Accommodations Services

**AAMC ID: 15951618**
**Status: Partial Approval**
**Accommodations Expire: End of testing year 2024**

3/31/2023

Dear ▮▮▮▮▮▮▮▮▮▮

Your request for reconsideration has been approved for the following accommodations:

- Separate testing

This is in addition to your previously approved accommodation(s):

- Stop the clock breaks: 60 minutes of flexible break time

We have reviewed your application and considered the recommendations of your qualified professional as well as your history of accommodations. However, the available documentation does not provide sufficient evidence of functional limitation to support some of your request. Here is what we couldn't approve and why:

We have carefully reviewed the supplemental information that you provided from Dr. Benninger as well as his original 2023 assessment. The assessment completed by Dr. Benninger shows average and above-average functioning and does not show a pattern of normative impairment that can be described as substantially limited relative to most people. His characterization of the identified weakness as "severe" is not supported by the average scores that were demonstrated. We also note that his testing consisted of single subtests or select measures rather than a comprehensive assessment of cognitive and academic functioning, and that certain of the areas of functioning that he identified as being impaired (digit recall and memory for sentences) are measures of auditory working memory (testing immediate recall of information you hear without being able to see the information or write it down), something that is not evaluated or required on the MCAT exam.

We also considered, again, your academic history and your use of or need for accommodations in real-world settings. A review of your academic record with and without accommodations, lack of history of accommodations in settings similar testing situations (i.e., timed standardized tests like the ACT), and other supporting documentation does not show a pattern of normative impairment (substantial limitation compared to most people) consistent with the need for additional testing time. Your records document the relatively recent diagnosis of two neurodevelopment disorders, ADHD and other specified neurodevelopmental disorder, along with anxiety. No documentation was submitted reflecting a history of functional limitations or academic difficulties or the receipt of extra help or intervention earlier in your academic career, as would be expected for such neurodevelopmental disorders. You have no history of formal accommodation until 2021 in college. You have an above-average academic record in high school and college prior to the initiation of accommodations – indeed, a stellar academic record. Your standardized test history (e.g., your AP exams and the ACT), which demonstrates your ability to access material in a testing environment like the MCAT exam, shows that you scored in the average and above range without accommodations.

Because the additional information submitted with your reconsideration request, when considered with the previously submitted documentation, does not provide sufficient support for the need for extended testing time, we cannot approve your request for 50% additional testing time. The previously approved accommodation continues to be available as indicated. In addition, based upon your evaluator, Dr. Benninger's, recommendation that you be permitted to test in a quiet, distraction-free environment, you are also approved to test in a separate room.

MCAT® is a program of the Association of American Medical Colleges

The Association of American Medical Colleges is committed to providing appropriate accommodations to individuals with disabilities as defined by relevant federal law.



We hope that this helps you understand the rationale for our determination. Be assured that your application materials have been treated with due respect, fairness, and confidentiality. For more information about the review process, see "**Understanding the Clinical Review Process**" on our website. Please review the information on the following pages regarding next steps in the accommodations process.

Sincerely,

MCAT Accommodation Services
**accommodations@aamc.org**
**www.aamc.org/mcat/accommodations**

MCAT® is a program of the Association of American Medical Colleges

The Association of American Medical Colleges is committed to providing appropriate accommodations to individuals with disabilities as defined by relevant federal law.

# IN THE FRANKLIN COUNTY COMMON PLEAS COURT
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| A.F.<br>c/o David A. Goldstein Co., L.P.A.<br>511 S. High Street, Suite 200<br>Columbus, Ohio 43215 | :<br>:<br>:<br>: | CASE NO.:<br><br>JUDGE |
| Plaintiff, | :<br>: | |
| v. | :<br>: | |
| ASSOCIATION OF AMERICAN MEDICAL<br>COLLEGES<br>655 K Street, NW, Suite 100<br>Washington, DC 20001-2399 | :<br>:<br>:<br>: | |
| Defendant. | :<br>: | |

## AFFIDAVIT OF A.F.

Now comes A.F., being first duly cautioned and sworn, and hereby makes the following statements based upon personal knowledge:

1. I am the named Plaintiff in the above-captioned case.

2. I am expected to graduate from Duke University in the Spring of 2023 and seek to enroll in medical school.

3. I was examined by two licensed medical practitioners who diagnosed me with several Disorders.

4. On or about January 14, 2023, I submitted a request for MCAT accommodations that included the following supporting documentation (1) a report and opinion letter from Dr. Boazak, a psychiatrist that documented ADHD diagnosis and a need for extended time on MCAT and breaks without penalty; (2) a personal statement; (3) high school transcript; and (4) previous letters of accommodation approval for classes at Duke.

5. Despite having received the above evidence of disability and a current need for accommodations, by letter dated March 1, 2023, Defendant denied my application for accommodation as to extended time and asserted that there was not enough "objective" evidence that qualifies for this accommodation.

6.    Thereafter I retained counsel and submitted additional documentation to Defendant, including a report and opinion from another expert Dr. William Benninger.

7.    I am scheduled to take the MCAT on April 28, 2023. If I do not take the MCAT with the additional time accommodation on April 28, 2023, I will be irreparably harmed because I will lose the extensive time I have invested in preparation for the MCAT. I will be delayed or prevented from proceeding with my application to medical schools.

8.    It is well known that there is a distinct advantage to applying when applications open to medical school because of how medical schools adjudicate applications. The earlier one applies, the better chance of admission to medical school. If the MCAT is not taken with the accommodation by the date requested, the scores will not be available for application, and I will be at a severe disadvantage.


FURTHER, AFFIANT SAYETH NAUGHT.

_____
A.F.


Sworn to and subscribed in my presence on this _3rd_ day of April 2023.

_____
Notary Public

My commission expires: _____



DAVID A. GOLDSTEIN
ATTORNEY AT LAW
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 O.R.C.

# MARYELLEN O'SHAUGHNESSY

## FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

CASE TITLE:  A F -VS- ASSOCIATION OF AMERICAN MEDICAL
COLLEGES

CASE NUMBER: 23CV002265

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
COMPLAINT
MOTION: TEMPORARY RESTRAINING  ORDER

PROPOSED DOCUMENTS TO BE SERVED:
PROPOSED T R O (TEMPORARY RESTRAINING ORDER) ON

UPON:
ASSOCIATION OF AMERICAN MEDICAL COLLEGES
655 K STREET NW SUITE 100
WASHINGTON, DC  20001-2399

JUVENILE CITATIONS ONLY:

   HEARING TYPE:

   __ Date already scheduled at  :  Courtroom:

**Electronically Requested by:  DAVID GOLDSTEIN**
**Attorney for:**

# MARYELLEN O'SHAUGHNESSY

## FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

**ANDRIA C NOBLE**

CASE TITLE:  A F -VS- ASSOCIATION OF AMERICAN MEDICAL COLLEGES

CASE NUMBER: 23CV002265

## CLERK'S ORIGINAL CASE SCHEDULE

| | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 04/03/23 |
| INITIAL DISCLOSURES OF THE PARTIES [CIV. R. 26(B)(3)] | 05/29/23 |
| DISCOVERY CONFERENCE OF COUNSEL AND UNREPRESENTED PARTIES [CIV. R. 26(F)] | 07/31/23 |
| JOINT DISCOVERY PLAN TO BE FILED | 14 DAYS AFTER DISCOVERY CONFERENCE |
| CASE MANAGEMENT/PRETRIAL CONFERENCE WITH COURT | SET UPON REQUEST TO CHAMBERS |
| EXPERT WITNESS [CIV. R. 26(B)(7)] | |
| DISCLOSE IDENTITY - PARTY WITH BURDEN | 08/28/23 |
| DISCLOSE IDENTITY - PARTY WITHOUT BURDEN | NO LATER THAN 30 DAYS AFTER OPPOSING DISCLOSURE |
| EXPERT REPORT & CV DUE - PARTY WITH BURDEN | 09/25/23 |
| EXPERT REPORT & CV DUE - PARTY WITHOUT BURDEN | NO LATER THAN 45 DAYS AFTER OPPOSING REPORTS |
| DISPOSITIVE MOTION DEADLINE | 11/27/23 |
| DISCOVERY CUTOFF DATE | 12/25/23 |
| FINAL PRETRIAL CONFERENCE | SET UPON REQUEST TO CHAMBERS |
| TRIAL ASSIGNMENT | 04/02/24 0900AM |

**NOTICE TO ALL PARTIES**

Attorneys and unrepresented parties must become familiar with the 2020 amendments to the Ohio Rules of Civil Procedure and this court's Local Rules.

The Original Case Schedule is an important tool to assist the parties and the court in meeting case management guidelines in the Ohio Superintendence Rules, and otherwise achieving timely disposition of civil cases notwithstanding the priority given to criminal cases under Crim. R. 50.

Judicial Officers of this court may modify the Original Case Schedule following receipt of the parties' Joint Discovery Plan, or for good cause at any other point in the case. However, it is essential for attorneys and unrepresented parties to pursue their cases diligently from the outset. Deadlines set in the Rules and in this Original Case Schedule are normally binding, not merely aspirational.

**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**
**GENERAL DIVISION**

| | | |
|---|---|---|
| A.F., | : | Case No. 23 CV 002265 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE ANDRIA NOBLE |
| vs. | : | |
| | : | |
| ASSOCIATION OF AMERICAN | : | |
| MEDICAL COLLEGES, | : | |
| | : | |
| Defendant. | : | |

**<u>NOTICE OF HEARING</u>**

This matter shall come before the Court for a hearing on the Plaintiff's motion seeking a temporary restraining order on **April 14, 2023** at **10:00 a.m.** The hearing will be conducted by video via Zoom. The Court's staff will send all counsel the Zoom link via email prior to the start of the hearing. If counsel do not receive the email, or have any questions about the conference call process, then they shall email the Court's staff attorney.

**IT IS SO ORDERED.**

*signature page attached*
Judge Andria C. Noble

Serve all parties and counsel of record.

Franklin County Court of Common Pleas

**Date:**           04-05-2023

**Case Title:**      A F -VS- ASSOCIATION OF AMERICAN MEDICAL COLLEGES

**Case Number:**     23CV002265

**Type:**            NOTICE OF HEARING - ORDER

It Is So Ordered

*/s/ Judge Andria C. Noble*