# IN THE FRANKLIN COUNTY COMMON PLEAS COURT
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| A.F. | : | CASE NO.: |
| c/o David A. Goldstein Co., L.P.A. | : | |
| 511 S. High Street, Suite 200 | : | |
| Columbus, Ohio 43215 | : | JUDGE |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY DEMAND ENDORSED** |
| | : | **HEREIN** |
| ASSOCIATION OF AMERICAN MEDICAL | : | |
| COLLEGES | : | |
| 655 K Street, NW, Suite 100 | : | |
| Washington, DC 20001-2399 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND MONETARY DAMAGES

Plaintiff A.F., by and through her counsel, David A. Goldstein Co., L.P.A., for her Complaint against Defendant Association of American Medical Colleges, does hereby state, allege, and aver the following:

### INTRODUCTION

1. This is an action for injunctive, declaratory, and monetary relief against Defendant Association of American Medical Colleges, based on its discriminatory conduct against Plaintiff, a person with a disability who is protected by federal and state civil rights laws. Plaintiff alleges that the AAMC has violated the nondiscrimination laws that require qualified private entities to offer examinations in a manner that is accessible to individuals with disabilities and best ensures that the examination accurately reflects not the individual's disability but rather the individual's aptitude achievement level, or other factors the examination purports to measure.

2. Plaintiff has been diagnosed with multiple disorders, including Other Specified Neurodevelopmental Disorders, ADHD, Working Memory, and Other Executive Function Impairments, and Anxiety Disorder by multiple qualified and experienced licensed medical providers ("Disorders").

3. Plaintiff is eligible to sit for the Medical College Admission Test (hereinafter "MCAT"), which is offered by Defendant. In connection therewith, Plaintiff requires and requested modifications, auxiliary aids, and/or services (hereinafter collectively referred to as "testing accommodations" or "testing modifications"), specifically 50% extra time and breaks without a penalty on all sections of the MCAT.

4. Plaintiff has submitted extensive documentation to the AAMC, which verifies her disability and entitlement to specific testing accommodations. The AAMC has refused to provide Plaintiff with the 50% extra time accommodation that multiple qualified clinicians have strongly recommended and that she needs to best ensure that the MCAT is accessible to her.

5. On March 31, 2023, AAMC, without reasonable justification and in violation of State and Federal laws, denied Plaintiff's request for 50% extra time accommodation.

6. Accordingly, Plaintiff brings this action against the AAMC for its violation of Title III of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12101 et seq., and Ohio law, declaratory judgment and injunctive relief are necessary to ensure that Plaintiff is no longer discriminated against in taking the MCAT.

## JURISDICTION

7. This Court has subject matter jurisdiction over Plaintiff's claims brought under the ADA and Section 504 pursuant to 28 U.S.C. §§ 1331 and 1343, the Ohio Administrative Code,

and Ohio Revised Code in that acts of discrimination have occurred in Franklin County, Ohio, and Defendant does business in Franklin County, Ohio.

8. Venue is proper pursuant because the events giving rise to this action occurred in Franklin County, Ohio, where Defendant's acts of discrimination have been conducted.

## PARTIES

9. Plaintiff is a permanent resident of Franklin County, Ohio. Plaintiff has documented Disorders that substantially limit the condition, manner, and duration in which she is able to learn, read, write, concentrate, take tests, work, and the operation of the major bodily function of the brain. As described more fully below, Plaintiff is a qualified individual with a brain-based disability and is entitled to specific testing accommodations when she sits for the MCAT.

10. Defendant is a multi-million-dollar private, not-for-profit corporation based in .• Washington, D.C. Defendant represents 172 accredited United States and Canadian medical schools, more than 400 major teaching hospitals and health systems, including Veterans Affairs medical centers, and more than 80 academic and scientific societies. Defendant prepares and administers the MCAT. The professional examination is required for admission to nearly all United States and Canadian accredited medical schools. Defendant offers the MCAT throughout the country, including within the State of Ohio, and as such is subject to the nondiscrimination and testing accommodation requirements of the ADA and the State of Ohio.

## FACTS

11. The MCAT is the professional examination required for admission to nearly all United States medical schools.

12. According to Defendant's website or other published literature, the MCAT is a standardized, computer-based, multiple-choice examination that the AAMC asserts was designed to assess an examinee's critical thinking and reasoning skills and knowledge of science concepts and principles that are prerequisites for success in medical school and practicing medicine. The MCAT content is divided into the following four sections: Biological and Biochemical Foundations of Living Systems; Chemical Physical Foundations of Biological Systems; Psychological, Social, and Biological Foundations of Behavior; and Critical Analysis and Reasoning Skills.

13. Defendant limits the number of MCAT attempts to three (3) times within one calendar year, four times within two years, and seven times over the course of one's lifetime. Defendant also cautions examinees that medical schools will see all of their scores.

14. Plaintiff is expected to graduate from Duke University in the Spring of 2023 and seeks to enroll in medical school. Plaintiff must sit for the MCAT as a prerequisite for admission to an accredited medical school.

15. Plaintiff was examined by two licensed medical practitioners who diagnosed Plaintiff with several Disorders. Said providers opined that due to her Disorders, Plaintiff had a disability and must receive specific testing accommodations, including 50% extra time.

16. Pursuant to Defendant's rules, on or about January 14, 2023, Plaintiff submitted a request for MCAT accommodations that included the following supporting documentation (1) a report and opinion letter from Dr. Boazak, a psychiatrist that documented ADHD diagnosis and a need for 50% additional time on MCAT and breaks without penalty; (2) a personal statement; (3) high school transcript; and (4) previous letters of accommodation approval for classes at Duke.

4

17. Despite having received the above evidence of disability and a current need for accommodations ( as is mandated by its accommodation policies), by letter dated March 1, 2023, Defendant denied Plaintiff's application for accommodation as to 50% extended time and asserted that there was no enough "objective" evidence that qualifies for this accommodation.

18. Plaintiff subsequently retained the law office of David A. Goldstein Co., L.P.A. to prepare a request for reconsideration of Defendant's denial of her application accommodation. Plaintiff hoped that she could sit for the MCAT (with the necessary accommodations) and apply for admission to medical school by June 1, 2023.

19. On or about March 4, 2023, and thereafter, Counsel sent numerous letters to Defendant, and Plaintiff submitted the same information via Defendant's portal inquiring as to the basis of the denial of the accommodation and/or failure to render a decision about providing the accommodation based upon additional information. This information included (1) a report and opinion letter from a second licensed psychologist Dr. Benninger, that documented a diagnosis of ADHD and Other Specified Neurodevelopmental Disorders, Working Memory, and Other Executive Function Impairments with an opinion for the need for the extra time accommodation, (2) ACT scores and (3) an additional personal statement as requested by AAMC.

20. Plaintiff and her counsel advised Defendant that time was of the essence to render a decision in order for Plaintiff to receive the accommodation in time to sit for the MCAT.

21. Defendant responded to the numerous correspondence: "the matter is being reviewed."

22. On March 31, 2023, Defendant sent Plaintiff (not her counsel) a letter advising it would not provide the accommodation of 50% extended accommodation. Defendant ignored

5

Plaintiff's experts' opinions and provided no expert reports/opinions of its own. Defendant failed to produce any documentation, literature, studies, or any other supporting information to refuse the accommodation.

23. If Plaintiff does not take the MCAT with the 50% extended accommodation on or before April 28, 2023, ensuring her full and equal access to the MCAT, she will be irreparably harmed because she will lose the extensive time she has invested in preparation for the MCAT. She will also be prevented from competing on a level playing field with other candidates sitting for the MCAT, and she will be further delayed or prevented from proceeding with her application to medical school. Additionally, Plaintiff's professional opportunities will be severely curtailed.

24. It is well known that there is a distinct advantage to applying when applications open to medical school because of how medical schools adjudicate applications. The earlier one applies, the better chance of admission to medical school. If the MCAT is not taken with the accommodation by the date requested, the scores will not be available for application, and Plaintiff will be at a severe disadvantage.

25. Plaintiff is and will continue to be significantly harmed by Defendant's refusal to provide her the accommodation she needs so as to best ensure that her MCAT results reflect that which the test is designed to measure rather than Plaintiff's cognitive disability. Plaintiff has been preparing for the MCAT since August of 2022 and believes it is futile to attempt the examination without the accommodations her two doctors have strongly recommended.

**COUNT ONE: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

26. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

6

27. Plaintiff is a person with a disability in that she currently experiences a physical or mental impairment that substantially limits one or more major life activities, including but not limited to reading, writing, concentrating, learning, test-taking, working, and the bodily function of brain function.

28. Plaintiff is an individual with a disability and is eligible to take the examination offered by the Defendants

29. Defendant, a private entity, is a place of public accommodation subject to the nondiscrimination requirements of Title Ill of the ADA.

30. The ADA and regulations enforcing the ADA prohibit discrimination on the basis of disability in standardized testing.

31. Section 309 of Title III provides that: Any person that offers examinations of courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals. See 42 U.S.C. §12189.

32. As an entity that offers examinations, Defendant is required to assure that the examination is administered so as to best ensure that the examination results for an individual with a disability accurately reflect the individual's aptitude, achievement level, or whatever other factor the examination purports to measure rather than reflecting the impacts of the individual's disability. 28 C.F.R. § 36.309(b)(l)(i).

33. Defendant's actions, policies, and practices discriminate against individuals with disabilities, including those who have mental and/or cognitive disabilities and require specific amounts of additional testing time and other accommodations.

34. Defendant has discriminated against Plaintiff by repeatedly denying her the 50% additional time accommodation that the psychologists who have personally evaluated and observed her have recommended. Federal regulatory guidance for standardized testing companies states clearly that reports from experts who are familiar with the candidate should take precedence over those from, for example, reviewers for testing agencies who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment.

35. Defendant has failed to make reasonable modifications to its policies and practices to ensure that Plaintiff and others with disabilities do not face such discrimination because of their disabilities. 28 C.F.R. § 36.309(b).

36. Defendant has failed to best ensure that Plaintiff's performance on the MCAT will accurately represent the skills and knowledge it purports to test rather than the slow reading and processing caused by her Disability.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered harm to be determined at trial.

## COUNT TWO: DECLARATORY JUDGMENT

38. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

39. Defendant has discriminated against Plaintiff by repeatedly denying her the 50% additional time accommodation.

40. Plaintiff has presented ample evidence to warrant the 50% additional time accommodation.

41. In its March 31, 2023 letter denying the accommodation, Defendant discounted what her experts opined and relied upon Plaintiff's past academic history as a basis she did not

8

require the additional time. Defendant failed to provide any expert reports or any rationale as to how past academic performances correlate to her disability and need for extra time.

42. Defendant has a pattern of failing to properly investigate requests for accommodation, including ignoring medically trained doctors and having someone competent and independent review the requests.

43. Based upon Defendant's arbitrary, unreasonable, and discriminatory practice in denying Plaintiff's accommodation, Plaintiff seeks a declaration from this Court that Plaintiff is entitled to the accommodation.

44. Plaintiff brings this Declaratory Judgment Action pursuant to O.R.C. 2721.01 to 2721.15 and Rule 57 of the Ohio Rules of Civil Procedure.

## COUNT THREE: INJUNCTIVE RELIEF

45. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

46. Defendant continues to engage in discriminatory practices by refusing to recognize the disabilities of its applicants, including Plaintiff, and accommodating said applicants.

47. This improper conduct has irreparably harmed Plaintiff. Plaintiff has no adequate remedy at law since monetary damages alone could not remedy the harm that Defendant is committing.

48. As set forth above, if Plaintiff is not permitted to take the MCAT on April 28, 2023, with the accommodation of 50% additional time, she will suffer irreparable harm.

49. Plaintiff cannot take a later MCAT as she will suffer irreparable harm because she will also be prevented from competing on a level playing field with other candidates sitting for the MCAT, she will be further delayed or prevented from proceeding with her application to

medical school, the scores will not be available for application, and Plaintiff will be at a severe disadvantage applying to medical school and her professional opportunities will be severely curtailed.

50. A temporary restraining order is necessary to, at the very least, allow Plaintiff to take the MCAT in April with the accommodation to avoid the irreparable harm that would occur to her.

51. Pursuant to Civil Rule 65, Plaintiff hereby applies to this Court for the issuance of a temporary and preliminary injunction enjoining Defendant from not accommodating Plaintiff and allowing the 50% extra time for her MCAT in April of 2023 and all subsequent testing if necessary.

WHEREFORE, Plaintiff prays that this Court grants the following relief: (A) An order via injunctive relief, compelling Defendant AAMC, or those acting as agents for or in concert with it, to provide test accommodations to Plaintiff by providing her with 1.5 times extra time and breaks without penalty for all administrations of the MCAT; (B) An order granting Plaintiff's request for declaratory relief, finding that Defendant's actions violated the ADA, Section 504; (C) A judgment for compensatory damages in favor of Plaintiff in an amount to be proven at trial before a jury that would fully compensate Plaintiff for the injuries alleged herein resulting from Defendant's conduct; (D). An order awarding Plaintiff reasonable attorney's fees and costs; and (E) Such other relief as it deems just and equitable.

Respectfully submitted,

/s/ *David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 S. High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
*Attorney for Plaintiff*

### JURY DEMAND

Plaintiff requests a trial on all issues triable to a jury.

/s/ *David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**