# IN THE FRANKLIN COUNTY COMMON PLEAS COURT
# FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| A.F. | : | |
| c/o David A. Goldstein Co., L.P.A. | : | CASE NO.: |
| 511 S. High Street, Suite 200 | : | |
| Columbus, Ohio 43215 | : | JUDGE |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ASSOCIATION OF AMERICAN MEDICAL | : | |
| COLLEGES | : | |
| 655 K Street, NW, Suite 100 | : | |
| Washington, DC 20001-2399 | : | |
| | : | |
| Defendant. | : | |

## PLAINITFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Now comes Plaintiff, A.F. by and through her counsel David A. Goldstein Co., L.P.A., and respectfully request that the Court issue a temporary restraining order and/or a preliminary injunction against Defendant precluding its refusal to provide an additional 50% time accommodation for the MCAT test scheduled on April 28, 2023. For the reasons stated in the Memorandum in Support and pursuant to R.C. 2727.03, R.C. 2727.03, and Civ. R. 65(B), and as supported by the exhibits and affidavits, Plaintiffs should immediately be heard and Defendant's conduct enjoined.

Respectfully submitted,

/s/ *David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 S. High Street Suite 200
Columbus, Ohio 43215
(614) 222-1889 - (614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
*Attorney for Plaintiff*

**Introduction**

This matter is before the Court on Plaintiff's Complaint for Defendant's violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Declaratory Judgment, and Injunctive Relief (the "Complaint"). The case presents the question of whether Defendant can refuse an accommodation for extra time when Plaintiff's medical professionals, who have examined and tested Plaintiff, diagnosed her with a disability and opined Plaintiff requires an accommodation, specifically additional testing time for the MCAT.

I. **Statement of the Facts**

As referenced in the Complaint, Plaintiff is a senior at Duke University and intends to apply to medical school. In order to apply to an accredited medical school, Plaintiff must sit for the Medical College Admission Test (hereinafter "MCAT"), which is offered by Defendant.

Plaintiff has been diagnosed with multiple disorders, including Other Specified Neurodevelopmental Disorders, ADHD, Working Memory, and Other Executive Function Impairments, and Anxiety Disorder by multiple qualified and experienced licensed medical providers ("Disorders"). Said experts opined due to Plaintiff's disability, she requires certain accommodations, including but not limited to extra time and breaks without a penalty on all sections of the MCAT. *See* Exhibit A – Expert Reports.

In order to receive accommodations, Defendant requires certain information as outlined in Exhibit B, "Understanding the Clinical Review Process," on Defendant's website and directed to applicants when accommodations have been denied. Plaintiff submitted extensive documentation to Defendant, which verified her disability and entitlement to specific testing accommodations. Defendant repeatedly refused to provide Plaintiff with the 50% extra time accommodation ("extra tine") that multiple qualified clinicians have strongly recommended and that she needs to best ensure that the MCAT is accessible to her.

After Defendant initially denied the accommodation, Plaintiff hired counsel. Counsel and Plaintiff submitted additional information to Defendant and demanded the extra time. After no response for several weeks, on March 31, 2023, Defendant refused to provide the accommodation of extra time.1 *See* Exhibit C-Denial Letter. The denial was not based on any expert medical testimony. It was based on mere assumptions and blanket assertions.

Plaintiff is scheduled to take the MCAT on April 28, 2023. If Plaintiff does not take the MCAT with the 50% extended accommodation on April 28, 2023, ensuring her full and equal access to the MCAT, she will be irreparably harmed because she will lose the extensive time, she has invested in preparation for the MCAT. She will also be prevented from competing on a level playing field with other candidates sitting for the MCAT, and she will be further delayed or prevented from proceeding with her application to medical school. Additionally, Plaintiff's professional opportunities will be severely curtailed. *See* Exhibit D- Affidavit of Plaintiff.

It is well known that there is a distinct advantage to applying when applications open to medical school because of how medical schools adjudicate applications. The earlier one applies, the better chance of admission to medical school. If the MCAT is not taken with the accommodation by the date requested, the scores will not be available for application, and Plaintiff will be at a severe disadvantage. *Id.*

Plaintiff is and will continue to be significantly harmed by Defendant's refusal to provide her the accommodation she needs so as to best ensure that her MCAT results reflect that which the test is designed to measure rather than Plaintiff's cognitive disability. Plaintiff has been preparing for the MCAT since August of 2022 and believes it is futile to attempt the examination without the accommodations her two experts have strongly recommended.

---

1 Defendant did not send the denial letter to counsel or Plaintiff.

Based on the foregoing, Plaintiff is entitled to injunctive relief on the grounds that the failure of Defendant to recognize her disability and provide the extra time accommodation is certain to cause great and irreparable injury to Plaintiff.

**I.**     **Standards for Temporary Restraining Order and Preliminary Injunction**

An injunction is an appropriate remedy where it is necessary to prevent a future wrong. *Garano v. State*, 524 N.E.2d 496, 498 (1998). Specifically, R.C. 2727.02 authorizes injunctive relief restraining an act when it appears the plaintiff is entitled to the relief demanded, and such relief consists of restraining the commission or continuance of such act, the commission or continuance of which would result in irreparable harm to the plaintiff. Moreover, Civ.R. 65(B) authorizes the court to issue a temporary restraining order and/or a preliminary injunction.

The decision to grant an injunction is dependent upon case specific facts and circumstances. *Restivo v. Fifth Third Bank,* 681 N.E.2d 484, 486 (1996). In determining whether to grant injunctive relief, the court shall consider the following factors: (1) the substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable harm if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest is served by the injunction. *See TGR Enterprises, Inc. v. Koshev*, 853 N.E.2d 739, 742 (2006); *Proctor & Gamble Co. v. Stoneham*, 747 N.E.2d 268, 273 (2000). Although "[n]o one of these factors is dispositive; they all must be flexibly balanced." *Alan v. Andrews*, 2007 WL 1544717 at *9.

      **a.**    **Substantial Likelihood of Success on the Merits**

Attached to this motion, as Exhibit A, are two expert opinion letters from psychologist William Benninger and Dr. Boazak.[2] Both doctors have diagnosed Plaintiff with multiple disorders,

---

2 Although the letter is signed by a PA, Dr. Bozak has reviewed and concurred with the findings and opinions.

3

including Other Specified Neurodevelopmental Disorder, ADHD, Working Memory and Other Executive Function Impairments, and Anxiety Disorder. Furthermore, both doctors have opined that Plaintiff must be provided the accommodation of extra time due to her disability.

The United States Department of Justice, Civil Rights Division, Disability Rights Section issued recommendations and guidelines for entities such as AAMC related to providing testing accommodations to individuals with disabilities. Under the ADA, an individual with a disability is a person who has a mental impairment that substantially limits a major life activity. The documentation provided by Plaintiff established that she has a disability and thus is a protected class member under the ADA.

Defendant directed Plaintiff to "Understanding the Clinical Review Process" to further explain what is required of an applicant and the review process. *See* Exhibit B. Plaintiff had her experts provide the "components" listed by Defendant.

Furthermore, Defendant states as part of the review process the following.

> "Applicants sometimes approach the accommodations request process assuming that having a diagnosis automatically results in the provision of a certain accommodation or that having received an accommodation in the past necessarily means that the same accommodation will be approved for the MCAT® exam. **While this may occur in some cases, it is actually your current functional limitations (in combination with the demands of the activity you will be undertaking) that determines the appropriateness of a requested accommodation**".

See. Exhibit B.

Defendant state it is "your current functional limitations..that determines the appropriateness of a requested accommodation". Based upon Plaintiff's expert reports, her current functional limitations requires the additional time accommodation.3

---
3 It is ironic that the basis of Defendant's denial of the extra time accommodation it references Plaintiff's past testing without the accommodation and no past diagnosis of a disability. According to Defendant's review process the past is not a factor and it is an applicant's "current functional limitations" that guide the decision to

4

Despite the overwhelming evidence produced by Plaintiff, Defendant, in violation of the ADA and its own guidelines, has refused to provide the extra time accommodation. As such, Plaintiff has a substantial likelihood it will prevail on the merits of her claims.

### b. Irreparable Harm

The principal inquiry for determining the likelihood of the plaintiff suffering irreparable harm is whether the plaintiff has an adequate remedy at law. In other words, "[i]rreparable harm exists when there is a substantial threat of material injury which cannot be adequately compensated through monetary damages." *TGR Enterprises, Inc,* 853 N.E.2d at 744 (quoting *Restivo*, 681 N.E.2d at 486). A party need not conclusively establish that they have suffered such a harm as the mere threat of harm is a sufficient basis on which to grant injunctive relief. *Proctor & Gamble Co.*, 747 N.E.2d at 278.

In the present matter, it is certain that if Plaintiff cannot sit for the MCAT on April 28, 2023, with the extra time accommodation, she will suffer harm. *See* Exhibit D. First, Plaintiff will be prevented from competing on a level playing field with other candidates sitting for the MCAT because she will not have extra time as needed due to her disability. Her scores will be impacted, negatively affecting her chances of being accepted into a medical school or the medical school of her choosing.

Second, delaying when Plaintiff takes the MCAT to submit more information to Defendant[4] will delay and/or prevent Plaintiff from proceeding with her application to medical school, and her professional opportunities will be severely curtailed. *Id.*

It is well known that there is a distinct advantage to applying when applications open to

---

accommodate.

[4] Plaintiff has no idea what additional information would be required to support the accommodation. When the accommodation was denied, Plaintiff submitted additional evidence to warrant the extra time.

5

medical school because of how medical schools adjudicate applications. The earlier one applies, the better chance of admission to medical school. If the MCAT is not taken with the accommodation by the date requested, the scores will not be available for application, and Plaintiff will be at a severe disadvantage. *Id.*

Plaintiff is and will continue to be significantly harmed by Defendant's refusal to provide her the accommodation she needs so as to best ensure that her MCAT results reflect that which the test is designed to measure rather than Plaintiff's cognitive disability. Plaintiff has been preparing for the MCAT since August of 2022 and believes it is futile to attempt the examination without the accommodations her two doctors have strongly recommended.

Accordingly, there can be no doubt that the irreparable harm requirement is satisfied here.

    c. **Undue or Substantial Harm**

There is no harm that will come to Defendant if an injunction is issued. An injunction will merely protect Plaintiff.

    d. **Public Interest Favors Issuance**

The public has a strong interest in seeing that one's disability is accommodated when taking standardized tests. An entity such as Defendant cannot arbitrarily ignore an applicant's experts and deny an accommodation without providing a reasonable basis, including its own expert evaluation(s). Plaintiff seeks that her disability is recognized and accommodated during the MCAT. No public interest will be served by allowing Defendant to blatantly ignore an individual's disability and need for accommodation. Moreover, the public has an interest in protecting disabled individuals and evening out the playing field when it comes to standardized testing. Accordingly, the public interest supports the Court's issuance of a temporary restraining order and injunction.

II. **Conclusion**

Therefore, Plaintiff respectfully requests that this Court enter a temporary restraining order and/or preliminary injunction precluding Defendant from not allowing the extra time Plaintiff requires for the MCAT due to her disability for the April 28, 2023 MCAT and all subsequent testing.

Respectfully submitted,

/s/ *David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 S. High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been delivered via U.S. Mail and electronic mail on this 2nd day of April 2023 to:

**Defendant**
655 K Street NW, Suite 100
Washington, DC, 20001-2399  and

Via electronic mail at

Legal Services at subpoena@aamc.org and AAMC, MCAT Accommodations Services accomodations@aamc.org