**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A.F., | : | CASE NO.: 2:23-cv-01241 |
| | : | |
| Plaintiff, | : | JUDGE SARGUS |
| | : | |
| vs. | : | MAGISTRATE JUDGE |
| | : | |
| ASSOCIATION OF AMERICAN | : | |
| MEDICAL COLLEGES | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF A.F.'S MOTION TO PROCEED PSEUDONYMOUSLY

Now comes Plaintiff A.F., through her counsel David A. Goldstein Co., L.P.A., and respectfully requests that this Court grant her to proceed pseudonymously as "A.F.,". The grounds in support of this Motion are set forth in the Memorandum in Support, attached hereto and incorporated herein.

Respectfully submitted,

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail:  dgoldstein@dgoldsteinlaw.com
*Trial Attorney for Plaintiff A.F.*

**<u>MEMORANDUM IN SUPPORT</u>**

This matter is before the Court on Plaintiff's Complaint for Defendant's violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Declaratory Judgment, and Injunctive Relief (the "Complaint"). (Doc 1). The case presents the question of whether Defendant can refuse an accommodation for extra time when Plaintiff's medical professionals, who have examined and tested Plaintiff, diagnosed her with a disability and opined Plaintiff requires an accommodation, specifically additional testing time for the MCAT.

As referenced in the Complaint, Plaintiff is a senior at Duke University and intends to apply to medical school. In order to apply to an accredited medical school, Plaintiff must sit for the Medical College Admission Test (hereinafter "MCAT"), which is offered by Defendant. (Id.)

Plaintiff has been diagnosed with multiple disorders, including Other Specified Neurodevelopmental Disorders, ADHD, Working Memory, and Other Executive Function Impairments, and Anxiety Disorder by multiple qualified and experienced licensed medical providers ("Disorders") (Id.).

In order to receive an accommodation, Defendant requires certain information to evaluate if an accommodation is warranted. Plaintiff submitted extensive documentation to Defendant, which verified her disability and entitlement to specific testing accommodations. Defendant repeatedly refused to provide Plaintiff with the 50% extra time accommodation ("extra time") that multiple qualified clinicians have strongly recommended and that she needs to best ensure that the MCAT is accessible to her.

Plaintiff's medical diagnosis and disability are a private matter and should not be disclosed to the public. Therefore, the basis for identifying her as "A.F."

## I.  LAW AND ARGUMENT

### PLAINTIFF SHOULD BE ALLOWED TO PROCEED PSEUDONYMOUSLY

This Court has the sound discretion to allow a party to proceed pseudonymously. *Doe v. Warren Cty., Ohio*, No. 1:12-cv-789, 2013 WL 684423, at *2 (S.D. Ohio Feb. 25, 2013); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Although public policy generally favors public access to judicial proceedings, in certain circumstances, however, courts may excuse plaintiffs from identifying themselves. *Doe No. 1 v. Springboro Cmty. City Sch. Dist.*, No. 1:19-CV-785, 2020 WL 3048191, at *2 (S.D. Ohio June 8, 2020); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. 2005). The basic consideration for determining whether a plaintiff should be allowed to proceed pseudonymously is **"whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings."** (Emphasis added.). *Doe No. 1*, 2020 WL 3048191, at *2 citing *Porter*, 370 F.3d at 560. The Court of Appeals for the Sixth Circuit has identified several factors for courts to consider in this analysis:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 558 citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). [1]

It is also relevant for the Court to consider whether permitting plaintiff to proceed under a pseudonym would deprive the defendants of sufficient information to defend against plaintiff's case. *See id.* at 561.

---

[1] Plaintiff concedes the only factor set forth in *Porter* that applies to the instant matter is factor number 2.

In order to maintain and protect A.F.'s privacy concerning highly confidential and sensitive medical circumstances and reputational interests as she seeks redress against Defendant, Plaintiff seeks to proceed pseudonymously.

In *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit endorsed a similar balancing test described above to determine whether a "plaintiff's interest and fear" outweigh the "public's strong interest in an open litigation process." Id. at 408-410 (citations omitted); see *Doe v. Provident Life and Acc. Ins. Co.,* 175 F.R.D. 464, 467 (E.D. Pa. 1997). The non-exhaustive list of factors in favor of anonymity includes the following: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of theses bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. Id. at 467-68 (citation and quotation marks omitted).

Conversely, among the factors which militate against the use of a pseudonym are the following: (7) the universal level of public interest in access to the identities of litigants; (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (9) whether the opposition to

pseudonym by counsel, the public, or the press is illegitimately motivated. Truly, all factors point to allowing this case to proceed under a pseudonym.

First, to date, A.F.'s identity has remained confidential. She does not wish for this matter to be public, as she does not wish to jeopardize future opportunities, including disclosure to medical schools or future employers. Defendant intends to oppose this Motion which is ironic since Defendant has acknowledged and recognized the need for an applicant's mental health and accommodation to remain private and not to be disclosed to the public or learning institutions.

When Defendant approves an accommodation for an applicant, such as extra time, it does not disclose the disability or what accommodation(s) was provided to any medical school or any other institution. Defendant's website states:

> "The scores resulting from non-standard exam administrations, i.e., testing with accommodations, are identical to scores from standard administrations. The AAMC does not annotate scores resulting from non-standard administrations of the MCAT exam."

*See AAMC's website at [https://students-residents.aamc.org/how-apply-medical-school-amcas/section-9-amcas-application-standardized-tests](https://students-residents.aamc.org/how-apply-medical-school-amcas/section-9-amcas-application-standardized-tests).*

Furthermore, pursuant to Defendant's "Privacy Statement," Defendant sets forth:

> "**To protect the applicant**, MCAT Accommodation Services will not accept inquiries from third parties regarding an applicant or their application request, unless specifically authorized to do so."

*See* AAMC's website at https://students-residents.aamc.org/mcat-exam-accommodations/application-guidelines-and-requirements.

Thereby, Defendant recognizes and has acknowledged the vital need for anonymity and privacy when addressing mental health issues.

Second, AF seeks to proceed under a pseudonym to minimize the undeniable social stigma attached to having a number of psychological issues as diagnosed by her doctors. Although other cases have held that AF's psychological issues are not so intimate or stigmatizing

that they justify proceeding pseudonymous, these cases were not decided recently, and Courts have held the determination to proceed under a pseudonym is on a case-by-case basis.

In more recent years, there has been more of a stigma attached to the psychological issues AF suffers from, including ADHD and anxiety. *See* Masuch, T.V., Bea, M., Alm, B. *et al.* Internalized stigma, anticipated discrimination, and perceived public stigma in adults with ADHD. *ADHD Atten Def Hyp Disord* 11, 211–220 (2019).

Not allowing AF to proceed under a pseudonym will have a chilling effect not only on her psychological state but also academically and on her future career path. Anyone who searches for her name will discover this matter and know about her disabilities. As discussed above, a stigma in our society is attached to these disabilities, and common sense would dictate that once a potential medical school or employer knows about AF's disability, it will not want to enroll her or hire her. AF must not be punished for asserting her legal rights under the ADA to address the discrimination by Defendant.

Furthermore, if this Court denies AF to proceed under a pseudonym, she will have to decide whether the disclosure of her disabilities to the public and the harm that will occur to her outweighs the benefit of pursuing the discrimination claim against Defendant. Refusing to allow AF or others similarly situated to proceed with these types of claims under a pseudonym will discourage individuals who have been discriminated against or harmed from seeking redress. This will empower corporations such as AAMC to continue their discriminatory practices against applicants.

Third, Defendant will not be prejudiced in any conceivable way by granting this application. Nothing about this litigation will be hampered by granting this motion. Paper

discovery and, if necessary, depositions can proceed as usual. Defendant simply has no reason to oppose this motion other than to intimidate and harass AF.

As stated above, Defendant keeps all requests for accommodation confidential, and upon information and belief, it is never disclosed to medical schools. So there is no legal or factual justification for Defendant to oppose this motion.

Finally, none of the factors which militate against the use of a pseudonym are present. The universal public interest in knowing the identity of a complainant should not tip against protecting the reputation and future of an individual. Here, the public revelation would truly harm AF's ability to proceed in medical school and a career in medicine or any other field.

## II. CONCLUSION

After applying these factors to this case, it is clear that AF has a reasonable fear of severe harm if denied the opportunity to pursue this action without a pseudonym and that her privacy interests far outweigh the public's interest in full disclosure.

For the foregoing reasons, this Court should respectfully grant AF's Motion to proceed pseudonymously.

Respectfully submitted,

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail: dgoldstein@dgoldsteinlaw.com
*Trial Attorney for Plaintiff AF*

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been sent via Electronic Mail this

12th  day of April 2023 to:

Erin D. French (0090813)
Vorys, Sater, Seymour, and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: 513-723-4022
Email: edfrench@vorys.com

Robert A. Burgoyne
(*pro hac vice* application forthcoming)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 800
Washington, D.C.  20005-3960
Phone:  202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant AAMC

*/s/ David A. Goldstein_____*
**DAVID A. GOLDSTEIN (0064461)**

8