**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A.F., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-cv-01241 |
| | : | |
| v. | : | Judge Edmund A. Sargus |
| | : | |
| ASSOCIATION OF AMERICAN MEDICAL COLLEGES, | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF A.F.'S MOTION TO PROCEED PSEUDONYMOUSLY**

## I.  PRELIMINARY STATEMENT

Plaintiff has failed to satisfy her "'heavy burden" to avoid the standard obligation to identify herself in the complaint as required by the Federal Rules of Civil Procedure. . . . [and to] demonstrate that her privacy interests 'substantially outweigh the presumption of open judicial proceedings.'" *Doe v. Univ. of Akron*, N.D. Ohio No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433, 2016 WL 4520512 (Feb. 3, 2016). "Plaintiff has not advanced any facts or circumstances that distinguish her case from routine discrimination cases alleging the same or similar medical conditions that plaintiff claims, nor has she indicated why the confidentiality of her medical information cannot be maintained through a standard protective order." *Id.* at *9. Nor has she "advanced any facts to distinguish her concerns regarding stigma and reputational damage in this action from similar cases litigated by . . . students in their own name, or to establish that plaintiff's fears regarding stigma or reputational harm have any basis in reality." *Id.* at *10.

For these same reasons, and the reasons set forth below, Plaintiff's Motion to Proceed Pseudonymously should be denied.

## II. LAW & ARGUMENT

### A. Legal Standard

Plaintiff filed her Complaint in state court under a pseudonym ("A.F."). Regardless of whether this was appropriate in state court, "[g]enerally, a complaint must state the names of all the parties" under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a)." *Doe v. Fairfield Med. Ctr.*, S.D. Ohio No. 2:22-cv-3919, 2023 U.S. Dist. LEXIS 3998, 2023 WL 130726 (Jan. 9, 2023) (Sargus, J.). "However, the Court 'may excuse [parties] from identifying themselves in certain circumstances.'" *Id.* (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). As this Court has previously explained:

> . . . "[p]roceeding anonymously is disfavored, and the Court has an independent duty to determine whether to permit a party to proceed anonymously." *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 30550, 2015 WL 1120063, at *2 [(citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal methodof proceeding in federal courts.")]. In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *In re Polemar Constr. Ltd. P'ship*, [23 F. App'x 423, 425 (6th Cir. 2001)]. "There is a strong public policy in favor of public access to judicial proceedings . . . ." *Id.* Consistent with that policy, parties "are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to [the general rule]." *Citizens for a Strong Ohio v. Marsh*, [123 F. App'x 630, 636 (6th Cir. 2005)] (citing *Porter*, 370 F.3d at 560).

*Malibu Media*, No. 2:15-cv-2519, 2015 U.S. Dist. LEXIS 113200, 2015 WL 12698036, at *1-2.

The Sixth Circuit has identified the following factors to determine whether a party's privacy interests outweigh the presumption in favor of openness:

> "(1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child]."

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

### B. Plaintiff's Alleged Privacy Interests Do Not Outweigh the Presumption in Favor of Openness.

In support of her motion, Plaintiff suggests the disclosure of her personal medical information, including her alleged mental health diagnosis of anxiety, is "of the utmost intimacy" and weighs in favor of proceeding anonymously. As Plaintiff acknowledges, however (Motion, ECF No. 9 at PageID 75-76), this Court has held medical information, including mental health information, is not so intimate or stigmatizing that it justifies proceeding under a pseudonym. *See, e.g.*, *A.J.H. v. Ohio Rehab. Servs. Comm.*, S.D. Ohio No. 2:09-cv-637, 2009 U.S. Dist. LEXIS 72053 (Aug. 4, 2009) (denying plaintiff's motion to proceed under a pseudonym and noting, "[t]he Court has been unable to locate a single decision holding that public disclosure of the fact that a plaintiff suffers from ADHD and receives vocational services is the type of information which would stigmatize the plaintiff and therefore should be withheld from the general public.").

Plaintiff further argues AAMC has "acknowledged and recognized the need for an applicant's mental health and accommodation to remain private and not to be disclosed to the public or learning institutions." (Motion, ECF No. 9 at PageID 75). However, AAMC's business policy of protecting the confidentiality of documents submitted in support of a request for accommodation does not equate to AAMC conceding that it is appropriate for examinees to litigate anonymously if they choose to challenge an accommodation decision in court. AAMC's privacy policies for handling accommodation records internally of course have no impact on the requirement of Fed. R. Civ. P. 10(a) or the general rule that anonymous litigation is highly disfavored.

Moreover, the sensitive nature of medical documents that will be used in this litigation does not rise to the level of an exceptional circumstances exist to justify a departure from the

general rule in favor of public access in light of Plaintiff's ability to seek leave to file medical records under seal or with redactions. *See Univ. of Akron*, N.D. Ohio No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433, 2016 WL 4520512 (denying plaintiff's motion proceed under a pseudonym and reasoning, "[w]ith respect to plaintiff's interest in maintaining the privacy of her medical information and alleged disabilities, that confidential information can be protected through a standard protective order, and plaintiff need not proceed under a pseudonym to do so. Additionally, none of the medical conditions identified by plaintiff in her complaint—ADHD, anxiety, depression, bronchitis, back pain, concussion, gastrointestinal pain—involve matters of the 'utmost intimacy.'");[1] *Doe v. OhioHealth Corp.*, S.D.Ohio No. 2:20-cv-2166, 2020 U.S. Dist. LEXIS 260216, (May 26, 2020) (Vascura, M.J.) (denying plaintiff's motion to proceed under a pseudonym and noting "to the extent sensitive medical records pertaining to Plaintiff's child become relevant to the litigation, Plaintiff may seek leave of Court to file those records under seal[,]" citing S.D. Ohio Local R. 5.2.1, and that nothing in this Order precludes Plaintiff from seeking leave to redact portions of her filing containing sensitive medical information about her child") (citing S.D. Ohio Local R. 5.2.1)).

Plaintiff also argues that information regarding her disability is confidential because "she does not wish to jeopardize future opportunities, including disclosure to medical schools or future employers." (Motion, ECF No. 9 at PageID 75). She argues, "common sense would dictate that once a potential medical school or employer knows about AF's disability, it will not want to enroll her or hire her." (*Id.* at PageID 76). This assertion contradicts Plaintiff's underlying argument that she needs accommodations and ignores the fact that she will have to disclose this information to

---

[1] Comparing where courts have found matters of the "utmost intimacy" when they relate to "a sensitive and highly personal nature [such as] birth control, abortion, homosexuality, or the welfare rights of illegitimate children and abandoned families," as well as sexual harassment and sexual abuse. *Univ. of Akron*, N.D. Ohio No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433, at *8, 2016 WL 4520512.

employers and medical schools herself if she wants accommodations from them. It further assumes (without any support) that medical schools and future employers will risk being accused of discriminating against her because of her alleged disability. *See Univ. of Akron*, N.D. Ohio No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433, 2016 WL 4520512 ("[u]nsubstantiated fears of speculative harm [relating to stigma and reputational damage] are insufficient to outweigh the presumption of open judicial proceedings.").

### III.　CONCLUSION

Plaintiff has failed to establish that exceptional circumstances exist to justify a departure from the general rule in favor of public access to judicial proceedings. Parties routinely litigate cases involving academic accommodations or accommodations on standardized tests using their real names. AAMC respectfully requests that the Court deny Plaintiff's Motion to Proceed Pseudonymously and order Plaintiff to file an amended complaint that states her name to the extent she wishes to proceed with this litigation.

Dated: April 13, 2023

Respectfully submitted,

/s/ *Erin D. French*
Erin D. French (0090813), Trial Attorney
VORYS, SATER, SEYMOUR AND PEASE LLP
301 E. Fourth Street, Suite 3500
Cincinnati, OH 45202
513-723-4022
edfrench@vorys.com

Robert A. Burgoyne (*pro hac vice* pending)
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005-3960
202-654-1744
rburgoyne@perkinscoie.com

*Counsel for Defendant*
*Association of American Medical Colleges*

5