IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A.F., | : | CASE NO.: 2:23-cv-01241 |
| Plaintiff, | : | JUDGE SARGUS |
| vs. | : | MAGISTRATE JUDGE |
| ASSOCIATION OF AMERICAN MEDICAL COLLEGES | : | |
| Defendants. | : | |

**PLAINTIFF A.F.'S MOTION TO CONTINUE THE TEMPORARY RESTRAINING ORDER HEARING SCHEDULED FRORAPRIL 25, 2023**

Now comes Plaintiff A.F., through her counsel David A. Goldstein Co., L.P.A., and respectfully requests that this Court continue the Temporary Restraining Order hearing scheduled on April 25, 2023, to early June 2023. The grounds in support of this Motion are set forth in the Memorandum in Support, attached hereto and incorporated herein.

Respectfully submitted,

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail:  dgoldstein@dgoldsteinlaw.com
*Trial Attorney for Plaintiff A.F.*

**MEMORANDUM IN SUPPORT**

On April 3, 2023, Plaintiff filed the instant matter in Franklin County Common Pleas Court for Defendant's violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Declaratory Judgment, and Injunctive Relief (the "Complaint"). (Complaint, ECF No.3). On April 7, 2023, Defendant removed the matter to this Court. (Notice of Removal, ECF No.1).

On April 7, 2023, the Court held a telephone conference whereby the parties addressed the issues in the case. The parties agreed to an expedited scheduling order based upon the need for a ruling on or before April 28, 2023, when Plaintiff was scheduled to take her MCAT. During the call, counsel for Plaintiff advised that he was scheduled to be out of the country from April 19 through April 24, 2023. In addition, the parties advised that they were continuing to explore a resolution. Based upon the parties' discussions, the Court issued an Order which included a hearing date for the temporary restraining order for April 25, 2023. (Order, ECF No. 5 and No. 6)

Defendant has propounded eighteen (18) Interrogatories and twenty-five (25) Requests for Production of Documents upon Plaintiff. In addition, Defendant filed a twenty-nine-page Memorandum in Opposition to Plaintiff's Motion for A Temporary Restraining Order and/or Preliminary Injunction, along with numerous exhibits from expert witnesses. (Response, ECF No. 13).

Counsel has been working with his client to respond to the discovery and prepare a response to the Memorandum in Opposition. However, due to Plaintiff's academic schedule, her lack of preparation for the MCAT because she does not know if she will be provided the accommodation and the stress of engaging in the current litigation, Plaintiff has advised that she

cannot take the April MCAT. Plaintiff recently received new information that she could apply to AAMC, which verifies her application before forwarding it to medical schools without the MCAT results. However, medical schools will not evaluate an application without the MCAT scores. Therefore, the last date for Plaintiff to take the MCAT without suffering irreparable harm is a June testing date.

Plaintiff has advised that June 23, 2023, is a testing date that would allow an extra time accommodation.[1] Plaintiff is attempting to reschedule the MCAT on that date, and if the accommodation is awarded, the testing will begin on June 23 and end on June 24. As stated above, it remains Plaintiff's position that this is the last date Plaintiff can take the MCAT without suffering irreparable harm related to her application to medical schools.

Based upon the change of date for Plaintiff to take the MCAT, Plaintiff seeks to continue the temporary restraining order hearing until early June.[2] Furthermore, allowing the continuance will provide Plaintiff sufficient time to respond to Defendant's discovery, provide her Reply Brief in Support of her Motion for Temporary Restraining Order, allow Plaintiff to engage in limited discovery to gather more information based upon what Defendant has put forth in its Memorandum In Opposition and continue to provide documentation to Defendant in an effort to resolve the matter.[3]

---

[1] When an extra time accommodation is provided, the testing is over a two-day period as opposed to a one-day period.
[2] Undersigned counsel has inquired regarding Defendant's position as to the Motion to Continue, and counsel advised he is awaiting word from the client.
[3] A Telephone Status Conference is scheduled for April 19, 2023, at 2:00 p.m., whereby the undersigned counsel will address issuing some additional dates for Plaintiff to file her Reply Brief in Support of the TRO, responding to Defendant's discovery and Plaintiff propounding limited discovery.

For the foregoing reasons, this Court should respectfully grant AF's Motion to Continue the Temporary Restraining Order hearing.

Respectfully submitted,

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail:  dgoldstein@dgoldsteinlaw.com
*Trial Attorney for Plaintiff AF*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been sent via Electronic Mail this 18th  day of April 2023 to:

Erin D. French (0090813)
Vorys, Sater, Seymour, and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: 513-723-4022
Email: edfrench@vorys.com

Robert A. Burgoyne
(*pro hac vice* application forthcoming)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 800
Washington, D.C.  20005-3960
Phone:  202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant AAMC

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
