# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| A.F., | : | CASE NO.: 2:23-cv-01241 |
| | : | |
| Plaintiff, | : | JUDGE SARGUS |
| | : | |
| vs. | : | MAGISTRATE JUDGE |
| | : | |
| ASSOCIATION OF AMERICAN | : | |
| MEDICAL COLLEGES | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF A.F.'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Now comes Plaintiff, A.F. by and through her counsel David A. Goldstein Co., L.P.A., and hereby provides her Supplemental Brief in Support of a Temporary Restraining Order and/or a Preliminary Injunction against Defendant precluding its refusal to provide an additional 50%-time ("extra time") accommodation for the MCAT test. A Memorandum in Support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street, Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail:  dgoldstein@dgoldsteinlaw.com
*Trial Attorney for Plaintiff A.F.*

A.    **<u>Facts</u>**

This matter is before the Court on Plaintiff's Complaint for Defendant's violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Declaratory Judgment, and Injunctive Relief. The case presents the question of whether Defendant can refuse an accommodation for 50% extra time for the MCAT when Plaintiff's medical professionals, who have examined and tested Plaintiff, diagnosed her with a disability and opined Plaintiff requires this accommodation.

Although Plaintiff submitted sufficient evidence of her disability and the need for the 50% extra time accommodation pre-suit, Defendant refused to provide the accommodation and forced Plaintiff to file suit.[1]

It was not until Defendant produced reports from two reviewers as to their opinions as to why Plaintiff was not entitled to the extra time accommodation, Plaintiff produced additional evidence to support her disability and the need for the 50% extra time accommodation. Decl. of David Goldstein ("Goldstein Decl" Ex. D hereto filed as Doc. #24, PageID #327).

On May 4, 2023, at 7:44 p.m. and a day before Plaintiff's Reply Brief in Support of a Temporary Restraining Order and/or a Preliminary Injunction, undersigned counsel received notice that Defendant approved an extra time accommodation, however only allowing 25% extra time. (Goldstein Decl, *see* Ex. 1)

Plaintiff did not know how Defendant arrived at only 25% instead of 50% and requested the basis for its decision. On May 31, 2023, Plaintiff received the external reviewer report of Mark Greenberg, Ph.D. (*Id. see* Ex. 2). Dr. Greenberg's report is fraught with mischaracterizations of the effect of ADHD and other disorders on Plaintiff. Furthermore, his

---

[1] *See* Doc. #4, Exhibit C.

1

criticisms of Dr. Benninger border on the absurd. Decl. of Benninger ("Benninger Decl" Ex. E hereto filed as Doc. #24, PageID #338).

Dr. Benninger, Ph.D., with a lifetime of experience in diagnosing and treating ADHD patients and who examined, and tested Plaintiff, reiterated his expert opinion after reviewing Dr. Greenberg's report:

> The test results, clinical information, and functional impairment documented in the initial report are actually quite a classic representation of a very bright individual that suffers from clinically significant levels of ADHD symptoms. She was able to manage these moderate to severe symptoms *in her daily academic life* by spending much extra effort and time to compensate for the impairments they created. Unfortunately, this is an often-overlooked burden that almost all individuals with ADHD have to bear and that even many experts in the field are blind to. Providing the requested (150%) extra time on a standardized test would level the playing field for her, so that she would be able to show what she knows.

*Id.*

### B. Plaintiff Has Shown a Substantial Likelihood of Success On The Merits

#### i. Plaintiff Is Disabled Under The ADA

In Defendant's Opposition to Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, Defendant asserted Plaintiff was not disabled under the ADA. *See* Def. Opposition (Doc. #13, PageID # 18-24). Kathyrn Bugbee, Director of the MCAT Accommodation Services, set forth in paragraph 10 of her affidavit the following:

> Test accommodations are available on the MCAT for examinees with a disability, as defined under the Americans with Disabilities Act ("ADA")….
>
> All requests for accommodations are individually reviewed and when warranted (*i.e.*, when the examinee demonstrates that he or she is disabled within the meaning of the ADA and needs accommodations to take the examination in an accessible manner), appropriate accommodations are provided.

*See* Ex.1, Bugbee Decl., Doc # 12-1.

2

Since Defendant only provides test accommodations for the MCAT examinees with a disability, as defined under the Americans with Disabilities Act ("ADA"), and now Defendant has provided the accommodation of 25% extra time, it is beyond cavil Defendant has now admitted Plaintiff has a disability under the ADA.

However, prior to filing suit, Defendant refused to recognize Plaintiff's disability and provide a reasonable accommodation. Defendant provides little to no guidance to an applicant regarding what documentation and/or testing is required (1) to support a disability under the ADA and (2) to warrant an accommodation recommended by an applicant's treating physician. (*See* Ex.1, Bugbee Decl., Doc # 12-1,¶11) It is if Defendant is intentionally vague in order to summarily deny requests made by applicants. When Defendant denied the requests by Plaintiff for the accommodation, it failed to advise the basis of the denial, provide any reports from any reviewer and provide any guidance as to what additional testing or documentation needed to be done to support the request for the accommodation. (*See* Ex. H and P, Bugbee Decl., Doc # 12-1)

Plaintiff provided overwhelming evidence of her disability under the ADA and the need for the 50% extra time accommodation, yet Defendant ignored and continues to ignore Plaintiff's experts and the guidelines set forth by the Office of United States Department of Justice, Civil Rights Division, Disability Rights Section, Testing Accommodations, 2014. The evidence before this Court establishes Defendant's violated the ADA, and therefore Plaintiff has a substantial likelihood it will prevail on the merits of her claims.

### ii. Plaintiff Is Entitled to the Accommodation of 50% Extra Time

The approval of 25% extra time as opposed to 50% by Defendant is arbitrary, and Defendant's reviewer, Dr. Greenberg, fails to provide how he arrived at this conclusion. Yet Dr.

Benninger has provided in both of his declarations the rationale for why Plaintiff requires the 50% extra time accommodation. (Benninger Dec. and *see* Benninger Decl. Doc. # 19-2)

Plaintiff reiterates the rationale outlined in *Berger v. Nat'l Bd. of Med. Examiners*, No. 1:19-cv-99, 2019 WL 4040576 (S.D. Ohio 2019), whereby the Court set forth the Department of Justice ("DOJ") guidelines, 28 C.F.R. Part 36, Appx A, provide direction on what a court should consider when analyzing requests for test-taking accommodations under the ADA.

> As explained by the Eastern District of Pennsylvania: The DOJ heavily favors an individualized assessment or evidence that a "qualified professional has individually and personally evaluated the candidate as opposed to simply considering scores from a review of documents." **It also states that this need for an individualized evaluation is "particularly important in the learning disabilities context, where proper diagnosis requires face-to-face evaluation." and that "[r]eports from experts who have personal familiarity with the candidate should take precedence over those from, for example, reviewers for testing agencies, who have never personally met the candidate...."**

*Id.,* citing " Bibber v. Nat'l Bd. of Osteopathic Med. Exam'r, Inc., No. CV 15-4987, 2016 WL 1404157, at *6 (E.D. Pa. Apr. 11, 2016)

Dr. Benninger has personal familiarity with Plaintiff and has individually evaluated her, while Dr. Greenberg simply reviewed documents. Therefore, this Court must give more weight to Dr. Benninger and Dr. Costlow's opinions regarding the need for 50% extra time accommodation, and when weighing all the evidence, order Defendant to provide the 50% extra time accommodation.

### C. Plaintiff Will Suffer Irreparable Harm If The 50% Extra Time Accommodation Is Not Provided

Plaintiff relies upon her previous arguments as set forth in her Motion and Reply Brief in Support of a Temporary Restraining Order and/or a Preliminary Injunction. Without the 50% extra time accommodation, Plaintiff will be at a severe disadvantage compared to other candidates because she will not have the extra time as needed due to her disability.

4

**D.** **Conclusion**

Plaintiff respectfully requests that this Court enter a temporary restraining order and/or preliminary injunction precluding Defendant from not allowing the 50% extra time accommodation Plaintiff requires for the MCAT due to her disability.

        Respectfully submitted,

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail: dgoldstein@dgoldsteinlaw.com
*Trial Attorney for Plaintiff A.F.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been sent via Electronic Mail this 5th day of June 2023 to:

Erin D. French (0090813)
Vorys, Sater, Seymour, and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: 513-723-4022
Email: edfrench@vorys.com

Robert A. Burgoyne
(*pro hac vice* application forthcoming)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 800
Washington, D.C.  20005-3960
Phone:  202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant AAMC


        */s/ David A. Goldstein*_____
        **DAVID A. GOLDSTEIN (0064461**)